Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1462 | **DATE** | 11/8/2010 |
| **CASE TITLE** | Pierce vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff Marvin Pierce's motion for leave to file a first amended complaint [44], filed on July 6, 2010. For the reasons below, the Court denies Plaintiff's motion.

■[ For further details see text below.]  Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

On March 10, 2008, Plaintiff was arrested by two Chicago police officers. The drug possession charges that flowed from the arrest were dismissed on April 3, 2008. On March 3, 2009, Plaintiff filed a complaint that named the City of Chicago and Officer Lawrence Stuckert as defendants and asserted five counts: (I) 42 U.S.C. § 1983 false arrest; (II) 42 U.S.C. § 1983 unlawful search; (III) malicious prosecution; (IV) intentional infliction of emotional distress; and (V) state law claims against Defendant City of Chicago for *respondeat superior* and indemnification. [1] On July 22, 2009, Defendants produced their Rule 26(a)(1) initial disclosures to Plaintiff. The Rule 26(a)(1) disclosures included the arrest report for the March 10, 2008, incident, which identified both Officer Stuckert and Officer Bubacz as the arresting officers and states that Officer Bubacz recovered narcotics from the scene of Plaintiff's arrest.

Plaintiff moved for leave to file his first amended complaint on July 6, 2010. [44] The proposed amendment seeks to carry forward the allegations of the original complaint and add Officer Bubacz as a defendant. Plaintiff's motion states that Plaintiff learned of Officer Bubacz's identity and role in his arrest during the course of discovery, and avers that neither Officer Stuckert nor the City of Chicago would be prejudiced by the addition of the new Defendant. The motion does not address the applicable statute of limitations period for the claims asserted, discuss the fact that the amended complaint would fall outside that limitations period, or explain why Plaintiff failed to amend the complaint within the period.

The statute of limitations for claims filed under 42 U.S.C. § 1983 is the same as the forum state's statute of limitations period for personal injury claims. See *Wilson v. Garcia*, 471 U.S. 261, 276 (1938). By statute,

# STATEMENT

Illinois has adopted a two year limitations period for personal injury claims. 735 ILCS 5/13-202. Thus, the statute of limitations for personal injury actions filed under 42 U.S.C. § 1983 in Illinois is two years. See *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). The Illinois Tort Immunity Act sets forth a one-year statute of limitations period for state law actions against municipalities and their employees. 745 ILCS 10/8-101; *Day v. Conwell*, 244 F. Supp. 2d 961, 964 (N.D. Ill. 2003).

Plaintiff here seeks to amend his original complaint pursuant to Federal Rule of Civil Procedure 15 so as to add one count of false arrest (Count I) and one count of unlawful search (Count II) against Officer Bubacz. Because these counts are brought pursuant to 42 U.S.C. § 1983, they are subject to a statute of limitation period of two years. Counts I and II are based on Plaintiff's March 10, 2008, arrest. The limitations period for Counts I and II thus expired on March 10, 2010. Plaintiff also attempts to amend his complaint to bring one count of malicious prosecution (Count III) and one count of intentional infliction of emotional distress (Count IV) against Officer Bubacz. As Plaintiff purports to bring these claims under Illinois state law, the applicable statute of limitations is one year – a period that expired on March 10, 2009. Plaintiff filed the instant motion for leave to file the first amended complaint on July 6, 2010, well after the limitations period for both the § 1983 claims and the state law claims had run. The proposed counts against Officer Bubacz thus are time-barred unless they relate back to the original complaint pursuant to Rule 15(c)(1).

Federal Rule of Civil Procedure 15(a) instructs a district court to freely grant parties leave to amend when justice so requires. Fed. R. Civ. P. 15(a); see also *Sound of Music Co v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)). A district court may deny a motion for leave to amend, however, if the amendment would be futile. *Sound of Music Co.*, 477 F.3d at 922. A new claim is considered futile if it would not withstand a motion to dismiss. See *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974-975 (7th Cir. 2001). For instance, if a proposed amended complaint is filed after the period of limitations has run, and does not relate back to the date of the original complaint pursuant to the requirements of Rule 15(c)(1), the amended complaint would be time-barred and could not, as a matter of law, withstand a motion to dismiss. A district court could then deny the motion for leave to amend as futile. See Fed. R. Civ. P. 15(c)(1); *Vargas-Harrison*, 272 F.3d at 974-75.

Rule 15(c)(1) allows amendment to a pleading that would otherwise be time-barred when the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1). An amendment that seeks to add a new party relates back when it asserts a claim that arises out of the same conduct, transaction, or occurrence set out in the original pleading, and when the party to be brought in received notice of the action such that it will not be prejudiced and knew or should have known that the action would have been brought against it *but for a mistake concerning the party's identity*. Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii) (emphasis added).

The Seventh Circuit has long interpreted Rule 15(c)(1) "to permit an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). The "mistake" requirement of the relation-back rule is not satisfied by a mere lack of knowledge of the proper defendant; the plaintiff must have actually erred in naming the proper defendant. *Hall v. Norfolk*

| STATEMENT |
|---|

*S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); see also *Baskin*, 138 F.3d at 704. Establishing the existence of a mistake is a threshold requirement in a 15(c)(1) inquiry, and is independent of the determination of whether the party to be brought in had knowledge of the action. *King*, 201 F.3d at 914 (citing *Baskin*, 138 F.3d at 704; *Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230). "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704 (citing *Wood*, 618 F.2d at 1230).

The Seventh Circuit jurisprudence concerning Rule 15(c)(1) is consistent with the Supreme Court's recent decision in *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485 (2010). In *Krupski*, the plaintiff filed a lawsuit seeking compensation for injuries she incurred on a cruise ship. *Id.* at 2490. The plaintiff's complaint named as defendant Costa Cruise, identifying that entity as the company that "owned, operated, managed, supervised, and controlled" the cruise ship. *Id.* at 2496. In fact, Costa Cruise was merely the marketing and sales agent of the actual carrier and operator of the ship, Costa Crociere. *Id.* at 2491. Although the plaintiff was aware of the existence of Costa Crociere, she did not learn that Costa Crociere was the proper defendant until after the statute of limitations had expired. *Id.* The plaintiff then amended her complaint to substitute Costa Crociere for Costa Cruise as the named defendant. *Id.* The district court dismissed the claim against Costa Crociere on the ground that it failed to satisfy the 15(c)(1) relation-back requirements and thus was time-barred, and the Eleventh Circuit affirmed. *Id.* at 2491-92.

Reversing the lower courts' rulings, the Supreme Court in *Krupski* held that the plaintiff's amended complaint related back because (1) it was evident on the face of the original complaint that the plaintiff had erred in naming Costa Cruise instead of Costa Crociere based on her misunderstanding of the two entities, and (2) Costa Crociere knew or should have known that it would have been named as a defendant but for the plaintiff's error. 130 S. Ct. at 2493. The Court ruled that determination of whether there has been a mistake in the first instance turns not on lack of knowledge of a party's existence, but rather on whether there was an erroneous belief or misunderstanding as to the proper party. *Id.* at 2494. "[A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id.* The Court reasoned that the plaintiff had made a mistake in identifying the proper defendant in her original complaint because she misunderstood critical facts about the two companies' identities and relationship to one another. *Id.* at 2497-98. Further, the Court held that because Costa Cruise and Costa Crociere were related entities with similar names, Costa Crociere should have anticipated that mistake and known that the suit could be brought against it. *Id.* The Court therefore determined that the amended complaint satisfied the relation-back requirements of Rule 15(c)(1). *Id.* at 2498.

Here, Plaintiff filed his original complaint almost exactly one year after the events giving rise to the complaint occurred and immediately before the statute of limitations was set to run on certain claims. [1] Plaintiff named Officer Stuckert but did not also name Officer Bubacz as a defendant in the original complaint. Because the statute of limitations expired prior to Plaintiff's motion for leave to add Officer Bubacz as a defendant [44], Plaintiff must show that he made a mistake in omitting Officer Bubacz in the original complaint and, if so, that Officer Bubacz knew or should have known that the action would have been brought against him but for that mistake, pursuant to Rule 15(c)(1).

# STATEMENT

In moving to amend the complaint, Plaintiff does not argue that the omission of Officer Bubacz in the original complaint was a "mistake." Indeed, Plaintiff describes the omission as a "mistake" for the first time only in its reply brief to the motion for leave to amend. [48] There, Plaintiff asserts that the omission of Officer Bubacz in the original complaint is the kind of mistake envisioned by Rule 15(c)(1), and cites in support of this argument *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548 (7th Cir. 1996). In *Donald*, the *pro se* plaintiff filed a § 1983 suit against the Cook County Sheriff's Department. *Id.* at 551-52. Defendant moved to dismiss on the ground that the complaint failed to name individual defendants. *Id.* at 552. Plaintiff then sought leave to amend the complaint to add individual defendants, but the district court denied the motion because it held that the amendment would not relate back under Rule 15(c)(1). *Id.* at 559. The Seventh Circuit reversed, finding that the plaintiff had satisfied the mistake element of Rule 15(c)(1) because he had labored under the misimpression that he need not name individual persons in addition to the Sheriff's Department as defendants in the action. *Id.* at 560. The court then remanded the case for a determination of the notice requirement of Rule 15(c)(1), *i.e.,* a determination of whether any of the individual defendants whom the plaintiff sought to add had notice of the action so as to not be prejudiced in mounting a defense against it. *Id.* at 561.

*Donald* is distinguishable from the instant case. In *Donald*, the plaintiff made a mistake of law regarding whether to sue individual or institutional defendants. 95 F.3d at 560-61. Here, Plaintiff made no such mistake – he included both the City of Chicago and Officer Stuckert in his original complaint and seeks to amend the complaint only by adding a new, third defendant: Officer Bubacz. Plaintiff, who has been represented by counsel throughout this litigation, cannot be said to have made a mistake of law as to whether he must name individual defendants in the suit.

Nor does the Court find that Plaintiff made the type of mistake of fact at issue in *Krupski*. As in *Krupski*, Plaintiff here presumably knew of the existence of the Defendant he seeks to add at the time the original complaint was filed; Officer Bubacz was identified in the arrest report as one of the two arresting officers (along with Officer Stuckert). However, in *Krupski*, the Court found that the plaintiff conflated two possible defendants because of an error in her understanding of their roles in the case and relationship to one another. *Krupski*, 130 S. Ct. at 2497-98. The Court therefore held that the plaintiff's effort to amend the pleading so as to substitute the proper defendant in for the one identified in the original complaint satisfied the "mistake" requirement of Rule 15(c)(1). *Id.* Here, by contrast, Plaintiff did not conflate the identities of Officer Stuckert and Officer Bubacz. The arrest report clearly described the two officers, their statuses, and their respective roles during Plaintiff's arrest. Furthermore, the fact that Plaintiff seeks to add Officer Bubacz as a defendant, rather than substitute him in place of Officer Stuckert further distinguishes the instant case from *Krupski,* and shows that Plaintiff did not err in identifying who among multiple officers was the proper defendant.

In light of these facts, Plaintiff cannot be said to have made a mistake regarding any defendant's identity. "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704 (citing *Wood*, 618 F.2d at 1230). The Court therefore need not reach the issue of whether Officer Bubacz knew or should have known that Plaintiff's action could be instituted against him. For similar reasons, the Court need not reach the issue that Plaintiff raises regarding whether service of the proposed amendment was timely pursuant to Federal Rule of Civil

# STATEMENT

Procedure 4(m). In short, because the proposed amendment does not satisfy the relation-back requirements of Rule 15(c)(1), it is time-barred and could not survive a motion to dismiss on that ground. See *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d at 974-975. As such, Plaintiff's proposed amendment is futile. *Rodriguez v. United States*, 286 F.3d at 980. The Court denies Plaintiff's motion for leave to amend.