# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1462 | **DATE** | 6/14/2011 |
| **CASE TITLE** | Pierce vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Pending before the Court is Plaintiff Marvin Pierce's second motion for leave to file a first amended complaint [55]. For the reasons stated below, the Court denies Plaintiff's motion. This case is set for further status hearing on 7/5/2011 at 9:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On March 9, 2009, Plaintiff filed a lawsuit asserting (1) a 42 U.S.C. § 1983 claim of false arrest, (2) a § 1983 claim of unlawful search, (3) an Illinois state law claim of malicious prosecution, and (4) a state law claim of intentional infliction of emotional distress against Defendant Chicago Police Officer Stuckert. (Plaintiff also asserted one count of *respondeat superior* and indemnification against Defendant City of Chicago.) The claims arise out of Plaintiff's March 10, 2008, arrest by Officer Stuckert and Officer Bubacz for drug possession. The entirety of the factual allegations included in Plaintiff's original complaint are as follows:

7. On or about March 10, 2008, Plaintiff was walking near the area of 5219 S. Paulina St. in Chicago, Cook County, Illinois.

8. At this time, one or more Defendant Officers approached Plaintiff and drew their weapons on Plaintiff because, according to the Defendant Officers, Plaintiff was walking with his hands in his pockets.

9. At all times relevant hereto, Plaintiff was acting in full conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

10. Defendant Officers then proceeded to unreasonably and forcefully handcuff Plaintiff and detain, seize, and arrest Plaintiff without an arrest warrant, without exigent circumstances, without reasonable suspicion, without consent, and without probable cause to believe that Plaintiff was committing or had committed a crime.

11. Following his illegal and unconstitutional arrest, Plaintiff was placed in the rear of the vehicle operated by Defendant Officers and was transported to a Chicago Police Station where he was

falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 50.0/302-C.

12. This false charge was dismissed on April 3, 2008.

[1, at 2.]

The applicable statute of limitations for Plaintiff's § 1983 claims is two years. See *Wilson v. Garcia*, 471 U.S. 261, 276 (1983) (holding that the statute of limitations for claims filed under 42 U.S.C. § 1983 is the same as the forum state's statute of limitations for personal injury claims); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998) (holding that the statute of limitations for personal injury actions filed under § 1983 in Illinois is two years). The applicable statute of limitations for Plaintiff's state law claims is one year. Plaintiff filed his lawsuit against Officer Stuckert on the cusp of the one-year anniversary of his arrest, and thus – by a hair – within the limitations period for the state law claims.

On July 6, 2010, Plaintiff filed a motion for leave to amend his complaint to add (1) one count of false arrest under § 1983, (2) one count of unlawful search under § 1983, (3) one count of malicious prosecution under Illinois state law, and (4) one count of intentional infliction of emotional distress under state law against Officer Bubacz. [See 44.] As more than two years had elapsed since the date of Plaintiff's arrest, Plaintiff was entitled to add Officer Bubacz as a defendant only if (1) the claims against him related back to the same conduct, transaction, or occurrence set out in the original pleading and (2) Officer Bubacz received notice of the action such that he would not be prejudiced and knew or should have known that the action would have been brought against him but for a mistake concerning his identity. Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii). The Seventh Circuit has held that Rule 15(c)(1) permits an amendment to relate back to the original complaint "only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)); see also *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). A mere lack of knowledge of the proper defendant does not constitute a mistake for purposes of Rule 15(c)(1); rather, the plaintiff must have *actually erred* in naming the proper defendant. *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); see also *Baskin*, 138 F.3d at 704.

In its order of November 8, 2010, the Court found, as a threshold matter, that Plaintiff had not made a mistake regarding Officer Bubacz's identity, as Officer Bubacz's name and role in the arrest were disclosed in the arrest report that Plaintiff received as early as July 22, 2009. Therefore, without reaching the issue as to whether Officer Bubacz knew or should have known that Plaintiff's action could be initiated against him, the Court denied Plaintiff's motion for leave to amend the complaint. [See 53.]

On December 3, 2010, Plaintiff filed another motion for leave to file an amended complaint [55]. Like the previous motion, this one seeks to bring § 1983 counts of false arrest and unlawful search as well as state law claims of malicious prosecution and intentional infliction of emotional distress against Officer Bubacz. However, unlike the previous motion, this one seeks not to *add* Officer Bubacz (along with Officer Stuckert) as a defendant in the case, but rather to *substitute* Officer Bubacz for Officer Stuckert as a defendant in the case.

Given that the limitations periods for all of the newly proposed amended claims have elapsed, the Court may grant the motion for leave to amend only if the claims relate back to Plaintiff's original complaint pursuant to Rule 15(c)(1). That is, as described above, the Court must determine whether (1) Plaintiff actually erred in asserting claims against Officer Stuckert instead of Officer Bubacz in the original complaint, and (2), if so,

whether Officer Bubacz knew or should have known that, but for Plaintiff's mistake, he would have been brought in as a party to the action. *King*, 201 F.3d at 914 (citing *Baskin*, 138 F.3d at 704); *Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230.

Plaintiff claims that he mistakenly named Officer Stuckert as a defendant and omitted Officer Bubacz as a defendant in his original complaint. Plaintiff concedes that Officer Bubacz is identified in the arrest report generated for the underlying incident. However, Plaintiff alleges that no copy of the arrest report was placed in Plaintiff's criminal file. Rather, he alleges, only a copy of the complaint for preliminary examination was placed in the criminal file, and that document identified Officer Stuckert but not Officer Bubacz as participating in Plaintiff's arrest. Plaintiff claims that he received a copy of the arrest report only after he filed his initial complaint. Accordingly, Plaintiff claims, his omission of Officer Bubacz from the original complaint constitutes actual error.

Plaintiff further claims that Officer Bubacz knew or should have known that he could have been named as a party to the action in the original complaint based on Bubacz's own participation in Plaintiff's arrest. Specifically, Plaintiff contends that the arrest report describes Officer Bubacz as recovering the narcotics from the ground at the scene of the arrest. Plaintiff states that Bubacz admitted this fact in preparing the arrest report. Because Plaintiff's original complaint states that he was improperly charged with possession of narcotics and because Officer Bubacz allegedly stated in the arrest report that he recovered the narcotics in question, Plaintiff argues that Bubacz knew or should have known that, but for Plaintiff's mistake, he would have been brought into the action in the original complaint.

Defendant counters that Plaintiff cannot be said to have made a mistake as to Officer Bubacz's identity or role in the arrest. Defendant contends that the arrest report was in fact available to Plaintiff in his criminal file, and attached a time-stamped copy of the report to its response to Plaintiff's motion for leave to amend. [See 56, Ex. 1.] As Plaintiff concedes, the arrest report explicitly references Officer Bubacz and the role that he played in Plaintiff's arrest. Thus, assuming the report was available to Plaintiff within the limitations period,[1] Plaintiff cannot be said to have made an error as to Officer Bubacz's identity.[2] Furthermore, Defendant points out that in Plaintiff's initial motion for leave to amend, Plaintiff sought to *add* Officer Bubacz, along with Officer Stuckert, as a defendant in the case, whereas in this motion Plaintiff seeks to *substitute* Officer Bubacz for Officer Stuckert. As Defendant notes, "[i]f the arrest report made it clear that *only* Officer Bubacz is responsible for plaintiff's injuries and damages, then it is unclear why plaintiff would have attempted to continue to sue Officer Stuckert [in the first motion for leave to amend]. The clear

---

[1] In the briefing in support of the instant motion, Plaintiff does not state when he obtained a copy of the arrest report. However, in the briefing in support of Plaintiff's prior motion for leave to file an amended complaint, Plaintiff stated that he first received a copy of the arrest report on July 22, 2009, when Defendants filed their Rule 26(a)(1) initial disclosures. Even assuming that the time- and file-stamped copy of the arrest report was not placed in Plaintiff's criminal file, Plaintiff received the report at least within the two-year limitations period applicable to his § 1983 claims. In other words, according to Plaintiff's own allegations, he had the arrest report long before he filed his first motion for leave to amend, thus undermining any suggestion of mistake or notion that Officer Bubacz should have known that he was the proper party.

[2] At a minimum, given that a time-stamped copy of the arrest report was included in Plaintiff's criminal file, Defendant claims that Officer Bubacz would have presumed that Plaintiff had a copy of the report and thus lacked a reason to know that Plaintiff made a mistake in identifying Officer Stuckert instead of Officer Bubacz as a defendant.

inference is that plaintiff intentionally chose to sue Officer Stuckert, and there was no error made concerning Officer Bubacz's identity." [56, at 5-6.]

Defendant further argues that even if Plaintiff can be said to have made a mistake in omitting Officer Bubacz from the original complaint, Bubacz did not know and should not have known that he would have been named as a defendant but for Plaintiff's mistake, and, accordingly, that the proposed amended complaint does not relate back to the original complaint. Defendant concedes that Officer Bubacz presumably knew that Plaintiff had filed suit against an officer for allegedly detaining, seizing, and arresting him, for making false statements in police reports, and for providing false testimony in court. However, Defendant contends that Officer Bubacz "was not aware, and had no reason to be aware, of any alleged mistake plaintiff made in naming Office Stuckert as the defendant in the original complaint." [56, at 2.] Defendant argues that many of the allegations of Plaintiff's original complaint concern conduct attributable to *either* Officer Stuckert *or* Officer Bubacz, and the rest concern conduct attributable *only* to Officer Stuckert. For example, Plaintiff's original complaint alleges that he was detained, seized, and arrested without probable cause and that false information was provided in police reports; because Officer Stuckert participated in Plaintiff's arrest and completed the arrest report, these actions are attributable to Officer Stuckert as well as to Officer Bubacz. In addition, Plaintiff's original complaint alleges that Officer Stuckert caused false testimony to be presented in court; because Officer Bubacz never testified in court in Plaintiff's criminal case, this action cannot be attributed to him, but only to Officer Stuckert. To the extent that Plaintiff alleges that Officer Bubacz made false statements in the arrest report regarding his recovery of the narcotics, Defendant counters that the arrest report identifies only Officer Stuckert, not Officer Bubacz as the complainant (*i.e.*, as the preparer of the report). Defendant thus contends that the allegations in the original complaint are not specific to Officer Bubacz but instead are attributable (either exclusively or inclusively) to Officer Stuckert. Indeed, Defendant contends that because the original complaint does not include any allegations regarding the recovery of the narcotics from the scene of the arrest (the only underlying action for which Officer Bubacz was singularly responsible), the original complaint did not put Officer Bubacz on notice of the claims against him.[3]

The Court finds Defendant's argument persuasive. Bearing in mind that Rule 15(c) should be construed liberally and amendments freely granted (see *Wood v. Indiana University-Purdue University at Indianapolis*, 996 F.2d 880, 883 (7th Cir. 1993)), the Court nonetheless concludes that Plaintiff has not demonstrated the requisite element of mistake. Even accepting as true Plaintiff's claim that the arrest report was *not* included in his criminal file prior to the filing of his original complaint, the Court finds that Plaintiff did not actually err in naming Officer Stuckert instead of Officer Bubacz as a defendant in the original complaint. The allegations in the original complaint are attributable to Officer Stuckert. Indeed, the only action that is solely attributable to Officer Bubacz – recovery of the narcotics that Plaintiff allegedly dropped at the scene of the arrest – is not alleged in the original complaint. As such, it is not evident that Plaintiff intended to name Officer Bubacz instead of Officer Stuckert as the sole individual defendant in the case. This conclusion is bolstered by the fact that, in Plaintiff's first motion for leave to file an amended complaint, he sought to *add* rather than *substitute* Officer Bubacz as a defendant – a fact that distinguishes the case from *Krupski v. Costa*

---

[3] Indeed, Defendant notes that in Plaintiff's briefing on his first motion for leave to amend (denied by the Court), Plaintiff alleged that Officer Bubacz "acted in concert with Defendant Officer Stuckert to falsely arrest Plaintiff." [56, at 5, quoting 48, at 1.]

*Crociere*, in which (as Plaintiff quotes in his reply brief in support of the instant motion), a "deliberate but mistaken *choice* does not foreclose a finding that Rule 15(c)(1)(CV)(ii) has been satisfied * * *." 130 S. Ct. at 2494 (emphasis added).[4]

The Court concludes that, as a threshold matter, Plaintiff cannot be said to have made a mistake in naming Officer Stuckert instead of Officer Bubacz as a defendant in the action. In addition, even if Plaintiff could be found to have erred in naming Officer Stuckert *instead* of Bubacz in the original complaint, Plaintiff could not attribute knowledge of any such mistake to Officer Bubacz. To begin with, as explained above, the allegations of the original complaint were fully consistent with a lawsuit against Stuckert only. Plaintiff did not, for example, name as a defendant either "unknown officers" or "John Doe" defendant, thereby potentially placing others (such as Bubacz) on notice that they may be added as defendants. Furthermore, in inquiring into "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant," Rule 15(c)(1)(C)(ii) permits a court to consider whether "the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity, a court may consider the conduct." *Krupski*, 130 S. Ct. at 2496-97. Here, Plaintiff's first motion for leave to file an amended complaint, in which the mistake he claimed was not one of conflating the identities of two officers, but rather of failing to identify an *additional* officer, provides additional support for the conclusion that Plaintiff did not err in naming Officer Stuckert instead of Officer Bubacz in the original complaint. For all of these reasons, the Court respectfully denies Plaintiff's second motion for leave to file an amended complaint [55].

---

[4]    In its previous ruling denying Plaintiff's motion for leave to file a first amended complaint, the Court distinguished this case from *Krupski* on the ground that here, unlike *Krupski*, "Plaintiff did not conflate the identities of Officer Stuckert and Officer Bubacz. * * * [T]he fact that Plaintiff seeks to add Officer Bubacz as a defendant, rather than substitute him in place of Officer Stuckert, further distinguishes the instant case from *Krupski*, and shows that Plaintiff did not err in identifying who among multiple officers was the proper defendant." [53, at 4.] Perhaps this statement in the Court's opinion inspired Plaintiff to seek to substitute Officer Bubacz for Officer Stuckert in his second motion for leave to file a first amended complaint. However, for the reasons stated above, Plaintiff still has not shown that he actually erred in originally naming Officer Stuckert *instead of* Officer Bubacz.