**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 09-CV-1462 |
| | ) | |
| CITY OF CHICAGO and OFFICER | ) | Judge Robert M. Dow, Jr., |
| LAWRENCE STUCKERT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marvin Pierce has sued the City of Chicago and Chicago Police Officer Lawrence Stuckert for violations of state and federal law stemming from his arrest on March 10, 2008. Plaintiff's five-count complaint asserts claims for 42 U.S.C. § 1983 false arrest (Count I), 42 U.S.C. § 1983 unlawful search (Count II), malicious prosecution (Count III), intentional infliction of emotional distress (Count IV); and claims against Defendant City of Chicago for *respondeat superior* and indemnification (Count V). Defendants have moved for summary judgment [62] on all counts. For the reasons set forth below, the Court grants Defendants' motion for summary judgment [62].

I. **Background**[1]

A. **Facts**

On the evening of March 10, 2008, Plaintiff Marvin Pierce was outside near 5219 S. Paulina. According to Plaintiff's testimony, he was taking out the trash at his sister's house at 5227 S. Paulina. He brought the trash out to the alley, and then walked through a parking lot

---

[1] Where the parties disagree over relevant facts, the Court sets forth the competing versions. In addition, the Court resolves genuine factual ambiguities in Plaintiff's favor. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

onto Paulina toward the front of the house. According to Plaintiff's testimony, he had a garbage can in his hands when he walked onto Paulina. A police car was parked near Plaintiff on Paulina. According to Chicago Police Officers Stuckert and Bubacz, they observed Plaintiff on the sidewalk on Paulina, exited the vehicle, and approached Plaintiff to conduct a field interview. Plaintiff threw his hands in the air. The officers testified that they observed Plaintiff drop a clear plastic bag containing a white, rock-like substance to the ground. According to the officers, they were approximately six to ten feet away from Plaintiff at this time. The officers also testified that Officer Bubacz recovered the item that Plaintiff allegedly dropped. Officer Stuckert stated in his arrest report that Plaintiff stated that he was buying "one rock" for his brother to smoke. Plaintiff denies making that statement.

During their depositions, Plaintiff and his brother, Raymond Pierce, described one officer as the taller officer and one officer as the shorter officer. According to Plaintiff and Raymond Pierce, the shorter officer had his gun drawn. The taller officer asked Plaintiff, "What did you throw?" The taller officer then handcuffed Plaintiff, searched him, and put Plaintiff in the car, while the shorter officer stayed by the car near Plaintiff. According to Plaintiff's deposition testimony, after the taller officer placed him in the vehicle, the taller officer began searching the ground around the car and in the parking lot that Plaintiff had walked through on his way from the backyard to Paulina. He bent down into the grass and then approached Plaintiff in the car. According to Plaintiff, when the taller officer returned to the car, he had a small, clear plastic bag containing a hard, white, rock-like substance in it. According to Plaintiff, the taller officer who held the bag asked him, "Is it yours?" Plaintiff denied that the bag was his and maintains that never threw anything when the officers approached him.

Officer Bubacz testified that he observed Plaintiff drop the bag and he then recovered the bag without losing sight of it. The Vice Case Report states: "without losing sight of the object P.O. Bubacz recovered (1) small clear knotted bag containing white rock like substance suspect crack cocaine." Plaintiff was placed under arrest and taken to the 9th District Station. The plastic bag containing the substance was inventoried under inventory number 11242724 and tested positive for cocaine. Plaintiff was charged with possession of cocaine; however, Plaintiff denies possessing the plastic bag containing the white rock like substance. The drug possession charges that flowed from the arrest were dismissed on April 3, 2008.

**B.     Procedural History**

On March 3, 2009, Plaintiff filed his five-count complaint that named the City of Chicago and Officer Lawrence Stuckert as defendants. On July 22, 2009, Defendants produced their Rule 26(a)(1) initial disclosures to Plaintiff. The Rule 26(a)(1) disclosures included the arrest report for the March 10, 2008, incident, which identified both Officer Stuckert and Officer Bubacz as the arresting officers and states that Officer Bubacz recovered narcotics from the scene of Plaintiff's arrest. On July 6, 2010, Plaintiff moved for leave to file his first amended complaint, seeking to add Officer Bubacz as a defendant. The Court denied the motion, concluding that the proposed amendment did not satisfy the relation-back requirements of Rule 15(c)(1), was time-barred, and would not survive a motion to dismiss.

Then, on December 3, 2010, Plaintiff filed a second motion for leave to amend his complaint, seeking once again "to add Officer Bubacz as the Defendant Officer to this matter in place of his partner, Defendant Officer Stuckert." Second Mot. to Amend at 1. In the motion, Plaintiff stated, "clearly, based on the Arrest Report of Plaintiff Marvin Pierce dated March 10, 2008 * * * it is Chicago Police Officer Bubacz who is the Chicago Police Officer liable for

Plaintiff's injuries and damages." *Id.* at 4. Similarly, in Plaintiff's reply brief in support of the motion, Plaintiff noted that he sought "to replace Officer Babacz for Defendant Officer Stuckert" and that "Officer Bubacz is the proper Defendant to this matter, rather than Defendant Officer Stuckert, as Officer Bubacz was the Chicago Police Officer who claims that he observed Plaintiff Marvin Pierce drop narcotics to the ground and retrieved those alleged narcotics, not actions attributable to Defendant Officer Stuckert." Reply at 2, 7. Finally, Plaintiff stated that "it is Chicago Police Officer Bubacz who is the Chicago Police Officer liable for Plaintiff's injuries and damages." Reply at 4. The Court denied the motion for leave to amend, reiterating that Plaintiff's claims against Officer Bubacz were time-barred.

## II.    Standard of Review

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual disputes that are irrelevant to the outcome of the suit "will not be counted." *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003) (quotation marks and citations omitted). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The party seeking summary

judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## III. Analysis

### A. Plaintiff's § 1983 Claims

Plaintiff brings § 1983 claims against Officer Stuckert for false arrest and unlawful search. To prove a claim under § 1983 against the officers, Plaintiff must show that a person acting under color of state law deprived him of a right, privilege, or immunity secured either by the Constitution or federal law. See, *e.g. Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). Officer Stuckert does not dispute that he was acting under color of state law at the time of Plaintiff's arrest. Rather, he argues that Plaintiff has admitted that Officer Stuckert is not liable for his injuries and, furthermore, that he had probable cause for Plaintiff's arrest.

Defendants contend that statements Plaintiff made in support of his motion for leave to amend his complaint are judicial admissions that Officer Stuckert is not liable for his injuries and thus summary judgment is appropriate on all claims. It is undisputed that in his second motion for leave to file a first amended complaint, Plaintiff, through counsel, stated, "clearly, based on the Arrest Report of Plaintiff Marvin Pierce dated March 10, 2008, and received subsequent to

the filing of Plaintiff's complaint, it is Chicago Police Officer Bubacz who is the Chicago Police Officer liable for Plaintiff's injuries and damages."  It also is undisputed that in his reply to Defendants' response to his motion for leave to amend, Plaintiff stated that "Officer Bubacz is the proper defendant to this matter, rather than Defendant Officer Stuckert, as Officer Bubacz was the Chicago Police Officer who claims that he observed Plaintiff Marvin Pierce drop narcotics to the ground and retrieved those alleged narcotics, not actions attributable to Defendant Office Stuckert."

"Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). "Judicial admissions * * * are not limited to statements made in a particular motion or application pending.  Any 'deliberate, clear, and unequivocal' statement, either written or oral, made in the course of judicial proceedings qualifies as a judicial admission." *In re Lefkas Gen. Partners*, 153 B.R. 804, 807 (N.D. Ill. 1993) (citing *Ensign v. Pennsylvania*, 227 U.S. 592 (1913); *In re Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992).  A portion of this passage of *Lefkas* was quoted by the Seventh Circuit in *McCaskill v. SCI Mgmt. Corp., Inc.*, 298 F.3d 677, 680 (7th Cir. 2002) (holding that "the verbal admission by [defendant's] counsel at oral argument is a binding judicial admission, the same as any other formal concession made during the course of proceedings.").  As set forth by the Seventh Circuit in *Keller*, a judicial admission has "the effect of withdrawing a fact from contention."  58 F.3d at 1198 n.8; see also *Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 2d 906, 909 n.3.

In his response to Defendants' summary judgment motion, Plaintiff cites *Frymire, et al., v. Peat, Marwick, Mitchell & Co.*, 1991 WL 66381 (N.D. Ill. 1991), for the proposition that

statements made by counsel are not judicial or evidentiary admissions unless made in a pleading as defined by Federal Rule of Civil Procedure 7(a) or at trial. Unfortunately for Plaintiff, the court in *Frymire* explicitly rejected this very position. The court noted that the defendant *argued* that "Peat Marwick's Response and PX 253 do not constitute judicial admissions [because] [s]tatements made by a party's counsel are not admissible as judicial admissions unless they are unequivocal and made in a pleading, as defined by Fed.R.Civ.P. 7(a), or at trial." The court further noted that the plaintiff's argument was that, "[b]ecause the statements plaintiffs seek to admit through PX 253 fail to meet these criteria, they cannot be admitted as judicial admissions." The court then explicitly stated that it "disagree[d]" with the view urged by the plaintiff. *Frymire*, 1991 WL 66381 at *1 (denying defendant's motion to exclude from trial an exhibit which included admissions contained in defendant's response to plaintiff's Rule 12(M) statement of uncontested material facts in support of plaintiff's motion for summary judgment) (citations omitted in original). Based on the plethora of cases cited by Defendants and not addressed by Plaintiff, it seems clear that admissions made by counsel in documents other than Rule 7(a) pleadings can be judicial admissions. See *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation in a brief, although "neither in a pleading nor an affidavit," nonetheless "may be treated as a [judicial] admission"); *Lefkas*, 153 B.R. 804 (holding written definitions submitted to court to clarify fee application included a judicial admission); *Mopex v. Barclays Global Investors*, 2003 WL 880996 (N.D. Ill. 2003) (holding representation in memorandum of law in opposition to motion to dismiss constituted a judicial admission); *Chow v. Aegis Mortgage Corp.*, 185 F.Supp.2d 914, 916 (N.D. Ill. 2002) (holding a concession in an opposition to motion to dismiss constituted a judicial admission).[2]

---

[2]    At a minimum, the Ninth and Tenth Circuits also have held that statements made in a brief may be considered judicial admissions at the discretion of the district court. See *American Title Ins. Co. v.*

Plaintiff also attempts to distance himself from his admissions by referring to them as "unsupported argument by counsel for Plaintiff." Pl.'s Resp. at 9. However, Plaintiff does not deny or dispute the statements in his responses to Defendants' statements of fact. He also made these admissions in documents filed with the Court. The statements were intended to persuade the Court to rule in Plaintiff's favor on the critical issue of whether Plaintiff should be allowed to name Officer Bubacz as a defendant in place of Officer Stuckert. Furthermore, Plaintiff twice attempted to add Officer Bubacz as a defendant (both attempts coming after the statute of limitations had run)—the first seeking to add Officer Bubacz in addition to Officer Stuckert but the second explicitly seeking to "replace" Stuckert with Bubacz and affirmatively stating that it was Bubacz and not Stuckert who was liable for his injuries and that Bubacz's actions could not be attributed to Stuckert.

Moreover, Plaintiff not only argued his point to the Court, he also cited evidence to support his position that Officer Stuckert did not commit the acts alleged in the complaint. One of Plaintiff's admissions stated: "clearly based on the Arrest Report * * * it is Chicago Police Officer Bubacz who is the Chicago Police Officer liable for plaintiff's injuries and damages." Plaintiff attached the arrest report to his second motion to amend the complaint to support his assertions that Officer Bubacz is the proper defendant. Plaintiff clearly reviewed the evidence and relied on it in making these statements. Plaintiff also claims that his admissions "are contradicted by Plaintiff's deposition testimony." However, Plaintiff does not cite any allegedly contradictory deposition testimony to support this argument. Furthermore, Plaintiff's deposition took place on August 10, 2010, and Plaintiff's second motion for leave to file amended complaint was not filed until almost four months later, on December 3, 2010. Plaintiff was well

_Lacelaw Corp.,_ 861 F.2d 224, 226–27 (9th Cir. 1988); _Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.,_ 607 F.2d 885, 906 (10th Cir. 1979).

aware of his deposition testimony when he stated that Officer Babacz, "rather than Defendant Officer Stuckert," committed the acts alleged in the complaint.

In sum, the Court finds that Plaintiff's admissions are judicial admissions. See *One Heckler-Koch Rifle*, 629 F.2d at 1253 (holding that a representation in a brief, although "neither in a pleading nor an affidavit," nonetheless "may be treated as a [judicial] admission"); *McCaskill.*, 298 F.3d at 680 (holding that "the verbal admission by [defendant's] counsel at oral argument is a binding judicial admission, the same as any other formal concession made during the course of proceedings."); *Lefkas*, 153 B.R. 804; *Mopex*, 2003 WL 880996 (N.D. Ill. 2003); *Chow* 185 F.Supp.2d at 916. They were deliberate, clear, and unequivocal. In fact, it is difficult to imagine an admission that a defendant did not commit the acts alleged in the complaint being more deliberate, clear, and unequivocal than those contained in Plaintiff's motion and reply brief. Obviously Plaintiff's strategy in targeting Bubacz "rather than Defendant Officer Stuckert" went awry, but Plaintiff's statement was certainly not an inadvertent one. It was made (repeatedly) for the strategic purpose of trying to persuade the Court to rule in Plaintiff's favor on a critical issue in this case. Summary judgment is appropriate on all claims asserted against Officer Stuckert.[3]

### B.    Plaintiff's Monell Claim

Plaintiff's complaint asserts that the alleged false arrest and unlawful search were undertaken pursuant to the policy and practice of the Chicago Police Department. Plaintiff, in his response to the motion for summary judgment, did not address Defendants' argument that the City is entitled to summary judgment on Plaintiff's *Monell* claim. Plaintiff further admitted in his response to Defendants' statement of facts that the parties have not engaged in *Monell* discovery. All discovery closed in this matter on November 8, 2010, and neither party sought

---

[3] The Court need not—and thus does not—express any views on the issue of whether probable cause existed for Plaintiff's search and subsequent arrest.

leave to conduct additional *Monell* discovery. As the time for doing so has long passed, the Court assumes that Plaintiff has waived his *Monell* claim, but even if this is not his position, Defendant City would be entitled to summary judgment on the claim because there is no evidence to support it.

## III.    Conclusion

For these reasons, the Court grants Defendants' motion for summary judgment [62]. Judgment is to be entered in favor of Defendants and against Plaintiff on all claims.

Dated:  February 7, 2012                    _____
                                            Robert M. Dow, Jr.
                                            United States District Judge